UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00307-FDW

| | |
|---|---|
| MAURICE L. STROUD, *also known as* MAURICE LADAWAYNE STROUD, ) ) ) | |
| Petitioner, ) ) | |
| vs. ) ) | **ORDER** |
| MAURY CORRECTIONAL, ) ) | |
| Respondent. ) ) | |

**THIS MATTER** is before the Court upon Petitioner Maurice Stroud's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The Court has waived the filing fee for the purpose of entering this Order.

### I.   BACKGROUND

On September 16, 2004, Petitioner pled guilty in Mecklenburg County Superior Court to second degree murder, second degree kidnapping, and robbery with a dangerous weapon. He was sentenced pursuant to a plea agreement to consecutive sentences of 251-311 months for second degree murder, 133-169 months for second degree kidnapping, and 117-150 months for robbery with a dangerous weapon. See Order Dismiss. § 2254 Pet. at 1, Stroud v. Stein, No. 3:17-cv-00313-FDW (W.D.N.C. filed July 10, 2017), Doc. No. 8.

On December 11, 2015, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. See Stroud v. Albermarle Correctional, No. 3:15-cv-00608-FDW (W.D.N.C.), Doc. No. 1. The Court dismissed the Petition as untimely on August 25, 2016. Id. at Doc. No. 6. Petitioner's appeal was dismissed by the Fourth Circuit Court of Appeals for failure to prosecute.

Id. at Doc. No. 11.

Since then, Petitioner has filed at least six § 2254 habeas petitions, including the one in the instant action, challenging the same 2004 state judgment on the same grounds raised in his original petition. See Stroud v. Clelland, No. 3:16-cv-00677-FDW (W.D.N.C.); Stroud v. Hooks, No. 3:17-cv-00174-FDW (W.D.N.C.); Stroud v. Stein, No. 3:17-cv-00301-FDW (W.D.N.C.); Stroud v. Stein, No. 3:17-cv-00313-FDW (W.D.N.C.); Stroud v. Maury Correctional, No. 3:18-cv-00307-FDW (W.D.N.C.); Stroud v. State of North Carolina, No. 3:18-cv-00435-FDW (W.D.N.C.). Despite this Court having repeatedly informed him of the requirement, Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals before filing any of these successive § 2254 habeas actions, see 28 U.S.C. § 2244(b)(3)(A).

In civil case Nos. 3:17-cv-00301-FDW and No. 3:17-cv-00313-FDW, the Court denied Petitioner's motions to proceed in forma pauperis, citing his abusive practice of filing repetitive, unauthorized habeas petitions. Undeterred, Petitioner has filed the instant unauthorized, successive habeas Petition, and another in civil case No. 3:18-cv-00435-FDW, which are almost carbon copies of his previous § 2254 petitions.

Federal courts may issue prefiling injunctions when vexatious filings hinder the court from fulfilling its constitutional duty. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Before enjoining the filing of further petitions, however, the court must afford Petitioner notice and opportunity to be heard. See id. at 819. Accordingly, Petitioner is given notice of the court's intent to enter a prefiling injunction prohibiting him from filing additional habeas petitions challenging his 2004 criminal judgment unless he either pays the $5.00 filing fee or demonstrates that the Fourth Circuit Court of Appeals has authorized him to file the habeas petition.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED** without prejudice as an unauthorized, successive habeas petition, see § 2244(b)(3)(A);

2. Petitioner shall have fourteen (14) days from entrance of this Order to submit written argument opposing this Court's imposition of a prefiling injunction; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 14, 2018

Frank D. Whitney
Chief United States District Judge