UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00307-FDW

| | |
|---|---|
| MAURICE L. STROUD, *also known as* MAURICE LADAWAYNE STROUD, )<br>)<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MAURY CORRECTIONAL, )<br>)<br>Respondent. )<br>_____) | **ORDER IMPOSING**<br>**PREFILING INJUNCTION** |

**THIS MATTER** is before the Court upon its own motion.

Since the Court dismissed Petitioner's first Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254, challenging his 2004 state judgment for second-degree murder, second-degree kidnaping, and robbery with a dangerous weapon, as untimely, see Stroud v. Albermarle Correctional, No. 3:15-cv-00608-FDW (W.D.N.C.), Doc. No. 6, Petitioner has filed at least six § 2254 habeas petitions challenging the same 2004 state judgment on the same grounds and in almost identical terms. See Stroud v. Clelland, No. 3:16-cv-00677-FDW (W.D.N.C.); Stroud v. Hooks, No. 3:17-cv-00174-FDW (W.D.N.C.); Stroud v. Stein, No. 3:17-cv-00301-FDW (W.D.N.C.); Stroud v. Stein, No. 3:17-cv-00313-FDW (W.D.N.C.); Stroud v. Maury Correctional, No. 3:18-cv-00307-FDW (W.D.N.C.); Stroud v. State of North Carolina, No. 3:18-cv-00435-FDW (W.D.N.C.). Despite this Court repeatedly informing him of the requirement, Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals before filing any of these successive § 2254 habeas applications, see 28 U.S.C. § 2244(b)(3)(A).

In civil case Nos. 3:17-cv-00301-FDW and No. 3:17-cv-00313-FDW, the Court denied

1

Petitioner's motions to proceed in forma pauperis, citing his abusive practice of filing repetitive, unauthorized habeas petitions. Undeterred, Petitioner filed two more unauthorized, successive habeas petitions, including the one in this civil action.

Federal courts may issue prefiling injunctions when vexatious filings hinder the court from fulfilling its constitutional duty. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Before enjoining the filing of further petitions, however, a court must afford the petitioner notice and an opportunity to be heard. See id. at 819. On August 14, 2018, this Court provided Petitioner notice of its intent to enter a prefiling injunction prohibiting him from filing additional habeas petitions challenging his 2004 criminal judgment unless he either pays the $5.00 filing fee in full or demonstrates that the Fourth Circuit has authorized him to file the habeas petition. (Doc. No. 2.) The Court provided Petitioner 14 days to submit written opposition to the Court's imposition of a prefiling injunction. (Doc. No. 2.) Petitioner has not responded to the Court's Notice and Order.

The Court finds Petitioner's repetitive, unauthorized § 2254 habeas petitions challenging his 2004 judgment, and their various accompanying motions, vexatious. See Cromer, 390 F.3d at 817. The Court also finds these repetitive filings hinder it from fulfilling its constitutional duty. See id.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner is prohibited from filing any application for habeas relief in this federal district, challenging his 2004 Mecklenburg County, North Carolina, convictions and/or sentences for second-degree murder, second-degree kidnapping, and robbery with a dangerous weapon *unless*:

a. He includes full payment for the $5.00 filing fee with the habeas application;

   **OR**

b. He includes authorization from the Fourth Circuit to file the habeas application, <u>see</u> 28 U.S.C. § 2244(b)(3)(A), **AND** an application to proceed in forma pauperis with the habeas application.

2. From this day forth, the Clerk of Court shall not docket and shall return any document Petitioner submits for filing, that:

   a. Challenges his 2004 state judgment for second-degree murder, second-degree kidnaping, and robbery with a dangerous weapon; **AND**

   b. Does not bear the case number of an established civil action (open or closed); **AND**

   c. Does not meet either requirement specified in para. 1(a) or (b) of this Order.

3. The Clerk of Court shall include a copy of this Order with any unfiled document returned to Petitioner.

**SO ORDERED.**

Signed: May 3, 2019

_____
Frank D. Whitney
Chief United States District Judge